USCA1 Opinion

 

 November 22, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-1341 STEPHANIE LUONGO, Plaintiff - Appellant, v. LAWNER REINGOLD BRITTON, ET AL., Defendants - Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Rya W. Zobel, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Lynch, Circuit Judge, _____________ and Casellas,* District Judge. ______________ _____________________ Stephanie H. Luongo, with whom Howard M. Fine and Donna Zils ___________________ ______________ __________ Banfield were on brief for appellant. ________ Thomas P. Billings, with whom Sally & Fitch was on brief for __________________ _____________ appellees. ____________________ ____________________  ____________________ * Of the District of Puerto Rico, sitting by designation. Per Curiam. Stephanie Luongo sued Lawner Reingold ___________ Britton & Partners, her former employer, for pregnancy discrimination, alleging she was targeted for layoff under the company's downsizing plan because both she and her supervisor were pregnant at the time and their pregnancy leaves would have overlapped by approximately one month, crippling their small department. Lawner Reingold filed a summary judgment motion, properly supported by several affidavits, arguing that the reason Luongo was laid off was not discriminatory, but merely part of a third wave of dismissals designed to lower the operating costs of the advertising agency and make it leaner and more competitive. After examining the case in light of the analytic framework established by McDonnell Douglas Corp. v. Green, 411 U.S. 792 ________________________ _____ (1973), and its progeny, the district court granted summary judgment. The court found that Luongo established a prima facie case of sex discrimination, that Lawner Reingold articulated a legitimate, non-discriminatory reason for the job action, and that Luongo then failed to introduce sufficient evidence for a rational fact finder to conclude that the employer's articulated reason for her discharge was a pretext for discrimination. Unhappy with the district court's decision, Luongo filed the present appeal. We review the summary judgment ruling in this case de novo "to determine whether the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show[s] there is no genuine issue as to any -2- material fact and [that] the moving party is entitled to judgment as a matter of law." Simon v. FDIC, 48 F.3d 53, 56 (1st Cir. _____ ____ 1995). We examine the evidence in the light most favorable to plaintiff-appellant to determine whether there is a genuine issue of material fact which would warrant a trial on the merits. V lez-G mez v. SMA Life Assurance Co., 8 F.3d 873, 874-75 (1st ___________ ________________________ Cir. 1993). A "genuine" issue is one that properly can be resolved only by a finder of fact because it may reasonably be resolved in favor of either party. A "material" issue is one that might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). ________ ____________________ The nonmovant may not defeat a properly supported motion for summary judgment by relying upon mere allegations or evidence that is less than significantly probative. Id. at 249-50. ___ Rather, the nonmovant must present definite, competent evidence to rebut the motion. Libertad v. Welch, 53 F.3d 428, 435 (1st ________ _____ Cir. 1995).  We agree with the district court that Luongo failed to introduce sufficient evidence for a rational fact finder to conclude that the employer's asserted non-discriminatory reason for her discharge was a pretext for discrimination. See Smith v. _____ Stratus Computer, Inc., 40 F.3d 11, 16 (1st Cir. 1994) _________________________ (explaining employee's burden on summary judgment once employer articulates a legitimate, non-discriminatory reason for its decision). -3- Therefore, after close perscrutation of the briefs and the record, we affirm on substantially the grounds stated in the district court's opinion.  Affirmed. ________ -4-